Hillsborough, } No. 3587.
June 4, 1946. }

TED ROSEDOFF *v.* CONSOLIDATED RENDERING COMPANY

*doing business as* MANCHESTER RENDERING COMPANY.

*John D. Warren* and *Albert Terrien* (*Mr. Terrien* orally), for the plaintiff.

*McLane, Davis & Carleton* (*Mr. Stanley M. Brown* orally), for the defendant.

KENISON, J. Although the defendant had accepted the provisions of the Employer's Liability and Workmen's Compensation Act (R. L., c. 216) the plaintiff elected to bring an action for damages against it. The case is therefore governed by common-law principles. *Ib., s.* 4; *Meersman* v. *Davison,* 88 N. H. 93.

The plaintiff was in the defendant's employment three months when injured while driving cows from the retaining pens through an open five-foot runway leading to a slaughterhouse. One side of the runway was the side of a building and the other was the sides and gates of the retaining pens. The accident occurred as the last cow in the line suddenly turned completely around in a corner of the runway and, in returning to the retaining pens, struck the plaintiff with its right horn under the ribs which were protected by a hard rubber apron.

For twenty years the plaintiff had lived and worked on a farm and assisted in the slaughter of livestock. He was familiar with the characteristics of cattle, "that didn't go where you want to drive them." Here, as in *Quimby* v. *Shattuck,* 88 N. H. 262, 263, "he was was fully aware of the general danger from the horns of all cattle." It must have been apparent to a man of the plaintiff's experience that a cow could turn around in the runway. The method of driving cattle and the attendant risk was as well known to the plaintiff as the defendant. The plaintiff's familiarity with the habits and characteristics of cattle was substantially complete. "In view of the plaintiff's long experience, the defendant could scarcely be required to instruct him as to the performance of his duties or the dangers of his employment." *LaFontaine* v. *St. John,* 92 N. H. 319, 321. Accordingly the plaintiff, upon whom the burden of non-assumption of the risk rested, has failed to show that he did not know and appreciate the danger incurred in driving the cattle. *Fortier* v. *Company,* 92 N. H. 492; *Quimby* v. *Shattuck, supra; Fasekis* v. *Company,* 93 N. H. 468.

Although not necessary for the decision in this case it may be noted in passing, as bearing on the fairness of the trial, that the Presiding Justice did not grant the nonsuit summarily but only after argument of counsel and following repeated efforts to ascertain from the plaintiff what instructions could have been given by the defendant to have

116

avoided the accident.    The effort was understandably unsuccessful but as has already been indicated "the doctrine of assumption of risk, with its corollaries, furnishes a complete answer to the plaintiff's claim."    *Fortier* v. *Company, supra,* 494.

It may be argued with force that the common-law doctrine of assumption of risk is sometimes harsh and unjust and that the reasons for, and the conditions which gave rise to, the doctrine no longer apply or prevail.    35 Am. Jur., Master and Servant, *ss.* 294-296; *Tiller* v. *Atlantic Coast Line R. Co.,* 318 U. S. 54.    Although the phrase "assumption of the risk" has been acknowledged to be "a hazardous legal tool," it is firmly embedded in the jurisprudence of this and most other states and will remain so until changed by statute.    *Tiller* v. *Atlantic Coast Line R. Co., supra,* 72.

*Judgment for the defendant.*

MARBLE, C. J., was absent: the others concurred.